Larry Froelich, Executive Director Kansas State Board of Pharmacy Landon State Office Building 900 S.W. Jackson Street, Room 513 Topeka, Kansas 66612-1231
Dear Mr. Froelich:
As executive director of the Kansas state board of pharmacy you ask several questions in relation to a particular factual scenario. The situation you present is as follows:
 "A weight loss salon owns and keeps in a locked cabinet, schedule IV controlled substance legend drugs. One day a week the salon hires a practitioner for a fixed sum of money to come to their establishment to dispense the drug to their clients. The practitioner removes the drug from the locked cabinet and dispenses it to the client, properly labeling the drug. After the practitioner (a licensee of the Healing Arts Board) dispenses the drug to the client, the client takes the drug and pays the salon for the drug."
Specifically you ask whether the words "except as otherwise provided" in K.S.A. 65-1636 refer to an exception contained in K.S.A. 65-1635, whether the weight loss salon is violating K.S.A. 65-1636 by selling drugs to the client and constructively distributing the drug to the practitioner to dispense to the client, and whether the weight loss salon is operating a pharmacy. You also ask whether, in the absence of a true doctor-patient relationship, this is an issue for the board of healing arts.
K.S.A. 65-1636 provides:
 "Except as otherwise provided in this act, the sale and distribution of drugs shall be limited to pharmacies operating under registrations as required by this act, and the actual sale or distribution of drugs shall be made by a pharmacist or other persons acting under the immediate personal, direction and supervision of the pharmacist."
"Distribute" means "to deliver, other than by administering ordispensing, any drug." K.S.A. 65-1626(i) (emphasis added). "Deliver" means "the actual, constructive or attempted transfer from one person to another of any drug whether or not an agency relationship exists." K.S.A. 65-1626(f). In other words, except for specified statutory exceptions, the sale or transfer (actual, constructive or attempted) of a drug from one person to another is limited to occurring within a registered pharmacy by a registered pharmacist or by a person acting under the supervision of the pharmacist. By definition, one exception pertains to the transfer of a drug by "dispensing" the drug.
This definitional exception is placed in context by K.S.A. 65-1635, which in pertinent part provides:
 "(a) Nothing contained in the pharmacy act of the state of Kansas shall prohibit any duly licensed practitioner from purchasing and keeping drugs, from compounding prescriptions or from administering, supplying or dispensing to such practitioner's patients such drugs as may be fit, proper and necessary."
Within the regulation of pharmacists act, among other specified persons, "practitioner" means a person licensed to practice medicine and surgery. K.S.A. 65-1626(t). "Dispense" means "to deliver prescription medication to the ultimate user . . . by or pursuant to the lawful order of a practitioner." K.S.A. 65-1626(g). The board of healing arts adopted a regulation which is consistent with these board of pharmacy statutes:
 "`Dispensing physician' means a person licensed to practice medicine and surgery who purchases and keeps drugs and compounds his or her own prescriptions for the purpose of supplying such drugs to his or her patients." K.A.R. 100-21-1.
K.A.R. 100-21-2 through K.A.R. 100-21-5 establish requirements for a dispensing physician in relation to drug labels, packaging, record keeping and inventories, and storage and security.
The executive director of the board of healing arts informs us that the board historically has interpreted "dispensing and supplying" as implied authorization for a practitioner of medicine and surgery to sell drugs purchased by that practitioner to that practitioner's patients.
Thus in response to your questions, K.S.A. 65-1635(a) establishes one of the exceptions referred to by K.S.A. 65-1636: Specifically, despite the prohibition established by K.S.A. 65-1636 a practitioner of medicine and surgery may dispense, i.e. deliver prescription medication (including schedule IV controlled substance legend drugs) through sale to that practitioner's patients. However, in the scenario you present, although the practitioner physically delivers the drugs to the ultimate user, the weight loss clinic is actually selling the drugs to that ultimate user. In our opinion the weight loss clinic does not fall within the exception provided by K.S.A. 65-1635(a) and thus would be in violation of K.S.A.65-1636 if selling drugs without being registered as a pharmacy and without having the actual sale of the drugs being made by a pharmacist or a person acting under the immediate, personal direction and supervision of a pharmacist.
Whether a "true doctor-patient relationship" exists in the scenario you present is a question which we are unable to determine from the facts presented. A doctor-patient relationship is established by evidence that a physician has undertaken treatment of a patient, or has agreed to accept a particular person as a patient. See James L. Rigelhaupt, Jr., Annotation, What Constitutes Physician-Patient Relationship for Malpractice Purposes, 17 A.L.R.4th 132 (1982). As you suggest, this is more appropriately a matter for the board of healing arts to address.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm